NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYES ALVAREZ LOPEZ,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   14-72014<br><br>Agency No. A095-815-884<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Reyes Alvarez Lopez, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") order denying his motion to remand, and dismissing his appeal from an immigration judge's ("IJ") order denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the BIA's denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Alvarez Lopez's motion to remand, where he provided no new facts or evidence of his eligibility for the relief he sought. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen shall state new facts and be supported by evidence); *Romero-Ruiz*, 538 F.3d at 1063 ("The formal requirements of a motion to remand and a motion to reopen are the same."); 8 C.F.R. § 212.7(e)(3) (2013) (requiring an approved immigrant visa in order to be granted a provisional unlawful presence waiver). In light of this determination, we deny Alvarez Lopez's related request for judicial notice.

We lack jurisdiction to review the agency's discretionary determination that Alvarez Lopez did not show exceptional and extremely unusual hardship to his qualifying relatives. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order). Alvarez Lopez's unsupported contentions that the IJ did not apply the proper standard by not considering all of his wife's possible hardships and that the agency improperly relied too heavily on his alternative means of adjusting his status are not sufficiently colorable and thus do not invoke our jurisdiction. *See id.*; *Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim

must have some possible validity." (citation and internal quotation marks omitted)).

We also lack jurisdiction to review Alvarez Lopez's unexhausted contentions regarding administrative closure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**